IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CANTON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-60613 |
| | ) | |
| NLP ACQUISITION LIMITED PARTNERSHIP | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE KENDIG |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 10-60618 |
| | ) | |
| H.P.W., LTD. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |
| | ) | |
| IN RE: | ) | CASE NO. 10-60614 |
| | ) | |
| HAINES ENTERPRISES | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |
| | ) | |
| IN RE: | ) | CASE NO. 10-60620 |
| | ) | |
| SENIAH CORP. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION
FOR AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP, AS COUNSEL**

NLP Acquisition Limited Partnership ("NLP"), H.P.W., Ltd. ("HPW"), Haines Enterprises, and Seniah Corp. ("Seniah"), the Debtors and Debtors in Possession (the "Debtors") hereby apply to the Court for the entry of an Order authorizing them to retain and employ

Buckingham, Doolittle & Burroughs, LLP ("BDB"), as counsel for Debtors pursuant to Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtors submit the Disclosure of Compensation and Verified Statement of Patrick J. Keating, a principal of BDB (the "Verified Statement"), a copy of which is attached as Exhibit "A" and incorporated herein by reference, and further represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. This district is the proper venue of the Debtors' Chapter 11 cases and this Application pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested herein is authorized by §§ 105(a), 327, and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2016-1.

### Background

4. On February 24, 2010 (the "Petition Date") the Debtors commenced their reorganization cases by filing Voluntary Petitions under Chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties, and are operating and managing their businesses as Debtors in Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtors own and operate several apartment complexes in Stark and Summit Counties, Ohio. The Debtors rent apartments to tenants on a monthly basis.

2

6. The Debtors are affiliates of William K. Haines, Jr. and Nancy Haines. Mr. and Mrs. Haines filed a Joint Voluntary Petition under Chapter 11 of the Bankruptcy Code on December 16, 2009, and their case remains pending before this Court.

7. NLP is a limited partnership organized under the laws of the State of Ohio. Its sole general partner is 8050 Limited, which is in turn owned by William and Nancy Haines. NLP owns 714 units located on nine different campuses.

8. HPW is a limited liability company organized under the laws of the State of Ohio. The managing member of HPW is William K. Haines, Jr. The other members are Nancy Brown, Linda Nickerson, and Susan Wayculis, who are sisters of Mr. Haines. HPW owns 118 units located on one campus.

9. Haines Enterprises is a general partnership organized under the laws of the State of Ohio, and is also managed by William K. Haines, Jr. The other partners are Nancy Brown, Linda Nickerson and Susan Wayculis. Haines Enterprises owns one complex consisting of two residential units, two commercial units and one warehouse unit.

10. Seniah is a corporation organized under the laws of Ohio, the principal shareholder of which is William K. Haines, Jr. Other shareholders are William K. Haines, Sr., Susan Wayculis, Linda Nickerson, Nancy Brown and Rita Haines. Seniah owns 586 units in 30 buildings, on separate but contiguous parcels.

11. The Debtors are managed by a non-Debtor affiliate, Applegate Property Management Company ("Applegate"), which is owned by Mr. and Mrs. Haines.

12. Applegate collects the rents, pays the expenses, markets the units, and otherwise provides comprehensive management services to the Debtors. The Debtors plan to continue to use Applegate to provide these services in this bankruptcy case, and that Applegate will file

periodic reports with the Court. Applegate is opening "Debtor-in-Possession bank accounts for each of the Debtors, into which all rents and income will be deposited.

### Events Leading Up to the Filing of These Chapter 11 Cases

13. On September 14, 2009, FirstMerit Bank, N.A. ("FirstMerit") obtained judgment by confession against NLP, HPW, and Haines Enterprises in the Courts of Common Pleas of Summit County, Ohio and Stark County, Ohio. The judgment against NLP was in the amount of $12,763,227.31. The judgment against HPW was rendered in the amount of $1,675,250.88. Judgment against Haines Enterprises was rendered in the amount of $190,543.70. FirstMerit also effectuated a setoff against the Debtors' depository accounts at FirstMerit.

14. The Federal Home Loan Mortgage Corporation ("Freddie Mac"), the secured creditor of Seniah, commenced a lawsuit in the Stark County Common Pleas Court on February 12, 2010, seeking a judgment in the amount of $9,358,805.15, plus costs and interest. That lawsuit remains pending as of the date of this Application.

15. The Debtors attempted to reorganize their affairs outside of bankruptcy, but could not reach satisfactory agreements with FirstMerit or Freddie Mac, and therefore filed their respective Chapter 11 cases in order to reorganize their financial affairs.

### Request for Authority to Employ BDB

16. Debtors desire to retain and employ BDB as their counsel, pursuant to Section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to represent them in all phases of their Chapter 11 cases.

17. BDB is particularly well-suited for the type of representation required by Debtors, having expertise in all aspects of the law that may arise in the Debtors' Chapter 11 cases. In particular, BDB has bankruptcy, business restructuring, tax, and litigation expertise.

18. The Debtors contemplate that BDB will render general legal services to the Debtors throughout the course of their Chapter 11 cases, including, but not limited to, bankruptcy, general business, tax, and litigation assistance and advice. In particular, it is anticipated that BDB will render the following legal services to Debtors:

(a) advising Debtors of their rights, powers and duties as Debtors in Possession and continuing to operate and manage their businesses and properties;

(b) preparing on behalf of Debtors all necessary and appropriate applications, motions, pleadings, notices, schedules and other documents required or permitted to be filed with this Court in their Chapter 11 cases;

(c) reviewing all financial and other reports to be filed in this case and advising the Debtors concerning and preparing responses to applications, motions, pleadings or other paper as required or permitted to be filed in their Chapter 11 cases.

(d) advising the Debtors concerning and assisting in the negotiation and documentation of the refinancing or sale of Debtors' assets, debt and lease restructuring, executory contract and unexpired lease assumptions, assignments or rejections, and related transactions;

(e) reviewing the nature and validity of liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

(f) advising Debtors concerning the actions that they may take to collect and recover property for the benefit of the estate;

(g) advising the Debtors in connection with the formulation, negotiation and confirmation of a plan of reorganization and related matters; and

(h) performing such other legal services for and on behalf of the Debtors as may be necessary and appropriate in the administration of their Chapter 11 cases and the Debtors' businesses including, but not limited to, advising and assisting the Debtors with respect to debt restructuring, asset dispositions, and general litigation matters.

19. The Debtors require experienced and knowledgeable counsel to render these essential professional services. As noted above, BDB has substantial bankruptcy, business restructuring, general business law and litigation experience and is well-qualified to perform these services and represent the Debtors' interests in their Chapter 11 cases.

20. Subject to the Court's approval, BDB will charge the Debtors for their legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date that such services are rendered, plus reimbursement of actual, necessary, out-of-pocket expenses incurred by BDB. The current hourly rates charged by BDB for professionals and paraprofessionals are as follows:

| Professional Category | Range of Hourly Rates |
| --- | --- |
| Partners | $200 to $465 |
| Associates | $160 to $330 |
| Paralegals | $105 to $220 |

BDB increases its rates from time to time to reflect economic and other conditions.

21. Among the attorneys expected to devote substantive time in representing these bankruptcy cases are Patrick Keating, Joshua Berger and Joshua Nolan. Mr. Keating's current standard hourly rate is $390. Mr. Keating has agreed, however, to reduce his rate to $370 per

6

hour through the first year of his representation in this case. Joshua Berger's hourly rate is $260, and Joshua Nolan's hourly rate is $200.

22. Other attorneys and professionals at BDB may also provide services to the Debtors in the course of their bankruptcy cases. The standard hourly rates of these attorneys and professionals is within the ranges set forth above.

23. Prior to the filing of their Chapter 11 cases, the Debtors paid to BDB the sum of $35,715.03 on December 11, 2009, $50,000.00 on February 3, 2010, and $50,000.00 on February 15, 2010. These payments were made to BDB in connection with its representation of the Debtors in negotiations with secured creditors in attempting to restructure the financial affairs of the Debtors. BDB paid from these funds its invoices for substantive legal work provided on behalf of the Debtors through February 15, 2010 the sum of $29,744.50. The balance of $93,273.30 will be held as a retainer toward legal fees and expenses incurred since February 1, 2010 and to be incurred by BDB in representing the Debtors in connection with their respective Chapter 11 cases.

24. As set forth in the Verified Statement, BDB has searched its computer database and has determined that it has no conflict which would impair its ability to represent the Debtors in their bankruptcy cases. BDB may represent, in the future, various creditors of the Debtors in matters wholly unrelated to the Debtors or to their Chapter 11 cases.

25. To the best of the Debtors' knowledge, information and belief, BDB does not represent and does not hold any interest adverse to the Debtors or their estates in the matters for which it is proposed to be retained. Accordingly, BDB is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, and its retention is in the best interests of the Debtors and their estates and creditors.

26. BDB will maintain detailed records of any actual necessary costs and expenses incurred in connection with the aforementioned legal services. BDB intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules including General Order 93.1, and any other applicable orders of this Court.

WHEREFORE, Debtors respectfully request that the Court enter an Order in the form attached hereto as Exhibit "B" authorizing the Debtors to retain and employ BDB to represent them in their Chapter 11 cases and granting such other and further relief as the Court may deem proper.

Date: February 24, 2010

NLP ACQUISITION LIMITED PARTNERSHIP

By: _____
William K. Haines, Jr.

H.P.W., LTD.

By: _____
William K. Haines, Jr.

HAINES ENTERPRISES

By: _____
William K. Haines, Jr.

SENIAH CORP.

By: _____
William K. Haines, Jr.

«AK3:1018003_v1»

8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CANTON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-60613 |
| | ) | |
| NLP ACQUISITION LIMITED PARTNERSHIP | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE KENDIG |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 10-60618 |
| | ) | |
| H.P.W., LTD. | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE KENDIG |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 10-60614 |
| | ) | |
| HAINES ENTERPRISES | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE KENDIG |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 10-60620 |
| | ) | |
| SENIAH CORP. | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE KENDIG |
| Debtor | ) | |

**VERIFIED STATEMENT OF PATRICK J. KEATING
IN SUPPORT OF JOINT APPLICATION OF DEBTORS
AND DEBTORS-IN-POSSESSION FOR AN ORDER
AUTHORIZING THEM TO RETAIN AND EMPLOY
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP AS COUNSEL**

Patrick J. Keating states as follows:

1. I am a shareholder and principal in the law firm of Buckingham, Doolittle & Burroughs, LLP ("BDB") the principal offices of which are located at 3800 Embassy Parkway,

EXHIBIT
A

Suite 300, Akron, Ohio 44333. I am a member in good standing of the Bar of Ohio and admitted to practice before the United States District Court for the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Eleventh Circuit. I make this statement in support of the retention of BDB as counsel for NLP Acquisition Limited Partnership ("NLP"), H.P.W., Ltd. ("HPW"), Haines Enterprises, and Seniah Corp. ("Seniah"), the Debtors and Debtors in Possession (the "Debtors") in the above-captioned Chapter 11 case and in accordance with Section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.  BDB is willing to serve as attorneys for the Debtors in their Chapter 11 cases and to accept compensation for professional services rendered and reimbursement of expenses incurred in accordance with the provisions of Sections 327, 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. BDB intends to charge for its legal services in this Chapter 11 case in accordance with its usual and customary billing practices. BDB increases its billing rates from time to time to reflect economic and other conditions. BDB's current hourly rates for its professions and paraprofessionals are as follows:

| **Professional Category** | **Range of Hourly Rates** |
| --- | --- |
| Partners | $200 to $465 |
| Associates | $160 to $330 |
| Paralegals | $105 to $220 |

3.  BDB has represented the Debtors, from time to time, in various legal matters. In the months leading up to these bankruptcy cases, however, BDB has represented the Debtors only with respect to negotiations with creditors in attempting to restructure their financial affairs. BDB is not a creditor of any of the Debtors.

4. Neither I nor any member, associate or professional employee of BDB are relatives, as that term is defined under § 101(45) of the Bankruptcy Code, of any Judge of the United States Bankruptcy Court for the Northern District of Ohio, or the United States District Court for the Northern District of Ohio.

5. Neither I nor any member, associate or professional employee of BDB are or have been so connected with any Judge of the United States Bankruptcy Court for the Northern District of Ohio or the United States District Court for the Northern District of Ohio so as to render the employment of BDB as counsel for the Debtors in the above-captioned Chapter 11 proceedings improper under Bankruptcy Rule 2014 or under the Code of Professional Responsibility, as amended, by the Supreme Court of the State of Ohio, relating to the practice of law within the State of Ohio, or otherwise.

6. Neither I nor any member, associate or professional employee of BDB have any connection with the Office of the United States Trustee, or any person employed in the Office of the United States Trustee.

7. I have arranged to have BDB's computer database of client matters searched to determine whether BDB has or has had any relationship with the Debtor's creditors, accountants, or secured lenders. I intend to have this search updated once the schedules are completed. Based upon the present search, I have determined that:

    (a) BDB has, from time to time, represented FirstMerit Bank, N.A., or affiliated entities ("FirstMerit") on matters wholly unrelated to the Debtor or this bankruptcy case.

    (b) BDB has represented Hillyer Group, LLC, one of the Debtor's unsecured creditors, in matters wholly unrelated to the Debtor and this bankruptcy case.

3

(c) BDB has not represented any of the other creditors disclosed to BDB by the Debtor in any other matter.

8. BDB has also represented William K. Haines, Jr. and Nancy Haines from time to time, in the past. Mr. and Mrs. Haines filed a joint voluntary petition under Chapter 11 of the Bankruptcy Code on December 16, 2009, and their case remains pending before this Court. Since before the filing of their voluntary bankruptcy case, BDB has not provided any substantive legal services on behalf of Mr. and Mrs. Haines. The last time BDB provided any substantive legal services on behalf of Mr. and Mrs. Haines was in October 2008. BDB is not owed for any past legal services rendered to Mr. and Mrs. Haines, and is not a creditor of Mr. or Mrs. Haines. BDB will not be providing any substantive legal services to Mr. and Mrs. Haines during the pendency of these bankruptcy cases, and has so advised them.

9. BDB does represent a non-Debtor affiliated company, Haines & Company, and its affiliate, Haines Publishing. BDB is unaware of any relationship that Haines & Company or Haines Publishing may have with any of the Debtors in this bankruptcy case. Nevertheless, BDB will not represent Haines & Company or Haines Publishing with respect to any issue or issues it may have with any of the Debtors, or in connection with these bankruptcy cases.

10. BDB does intend to apply to this Court for compensation and reimbursement of expenses in connection with the Debtors' Chapter 11 cases, and to be paid from the retainer as well as from funds in the possession of the Debtors in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and local bankruptcy rules, including General Order No. 93-1, and any other applicable orders of the Court.

11. No promises have been received by BDB or any shareholder or associate thereof as to compensation or reimbursement of expenses in connection with the Debtors' Chapter 11

4

cases, other than as set forth herein, and BDB has no agreement with any other entity to share with such entity any compensation received by BDB in connection with the Debtors' Chapter 11 cases.

12. Except as noted above, neither I, BDB, nor the other shareholders or associates thereof, insofar as I have been able to ascertain, hold or otherwise represent an interest adverse to the Debtors or their estates. Further, insofar as I have been able to ascertain, other than in connection with these Chapter 11 cases, and the aforesaid pre-petition representation of the Debtors, BDB has no connection with the Debtors, the Debtors' creditors, or any other party in interest herein, or the United States Trustee or any person employed thereby. Accordingly, BDB is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code. Moreover, the proposed employment of BDB is not prohibited by or improper under Bankruptcy Rule 5002.

13. BDB and the professionals it employs are qualified to represent the Debtors in the matters for which BDB is proposed to be employed.

14. For the reasons set forth above, I and the other attorneys employed by BDB are qualified to act as counsel for the Debtors. Neither I, BDB, nor any shareholder or associate thereof will, while employed by the Debtors, represent in connection with the Debtors' Chapter 11 cases any other entity holding an interest adverse to the Debtors or their estates. BDB will, in all likelihood, continue to have professional relationships with certain creditors of the Debtors in matters unrelated to these Chapter 11 cases.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of February, 2010.

5

10-60620-rk    Doc 2    FILED 02/24/10    ENTERED 02/24/10 16:30:33    Page 13 of 17

FURTHER AFFIANT SAYETH NOT.



_____
PATRICK J. KEATING

SUBSCRIBED and sworn to before me by PATRICK J. KEATING this 24th of February, 2010.

*Patricia M. Zellia*
Notary Public

«AK3:1018005_v1»

Patricia M. Zellia
Resident Summit County
Notary Public, State of Ohio
My Commission Expires: 02/25/12

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CANTON

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-60613 |
| | ) | |
| NLP ACQUISITION LIMITED PARTNERSHIP | ) ) | CHAPTER 11 |
| | ) | JUDGE KENDIG |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | CASE NO. 10-60618 |
| | ) | |
| H.P.W., LTD. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |
| | ) | |
| IN RE: | ) | CASE NO. 10-60614 |
| | ) | |
| HAINES ENTERPRISES | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |



EXHIBIT B

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-60620 |
| | ) | |
| SENIAH CORP. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | JUDGE KENDIG |
| | ) | |

## ORDER APPROVING EMPLOYMENT AND RETENTION OF BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP, AS COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a)

Upon the application of NLP Acquisition Limited Partnership, the Debtors in the above-captioned Chapter 11 case, for an entry of an Order pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1 authorizing the employment and retention of Buckingham, Doolittle & Burroughs, LLP as bankruptcy counsel effective as of the Petition Date; the Court having reviewed the Application and the Verified Statement of Patrick J. Keating; no objections to the Application having been filed; and the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding, (iii) notice of the Application was sufficient under the circumstances, (iv) Buckingham, Doolittle & Burroughs represents no interest adverse to the Debtors' estates, (v) Buckingham, Doolittle & Burroughs is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, (vi) the employment of Buckingham, Doolittle & Burroughs is necessary and in the best interest of the Debtors and their estates, and (vii) the legal and factual bases set forth in the Application, the Verified Statement of Patrick J. Keating, and the Hearing establish just cause for the relief granted here; and this Court having determined that granting the relief requested in the Application is in the best interest of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore:

2

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED, effective as of the Petition Date to the extent provided herein.

2. The Debtors shall be, and hereby are, authorized to retain and employ Buckingham, Doolittle & Burroughs as their bankruptcy counsel in these cases, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, under the general retainer as described in the Application.

3. Buckingham, Doolittle & Burroughs shall be, and hereby is, authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with their bankruptcy cases, including those services described in the Application.

4. Buckingham, Doolittle & Burroughs' employment and retention shall be effective as of the Petition Date.

5. Buckingham, Doolittle & Burroughs shall be compensated for such services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and applicable orders of this Court.

6. The Court shall retain jurisdiction over any matters arising from or relating to the implementation and interpretation of this Order.

###

«AK3:1018552_v1»

3