The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| SENIAH CORPORATION, | ) CASE NO. 10-60620 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |

Federal Home Loan Mortgage Corporation ("Freddie Mac") obtained relief from stay on October 12, 2010. Debtor now seeks to alter or amend that order to provide for conditional relief from the automatic stay. The court held a hearing on November 18, 2010, attended by Reginald Jackson, counsel for Freddie Mac; Patrick Keating, counsel for Debtor; and Anthony DeGirolamo, attorney for William and Nancy Haines.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The following Memorandum of Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor, an Ohio corporation, filed a chapter 11 petition on February 24, 2010. Debtor owns a 586 unit apartment complex in Stark County, Ohio known as Lake Cable Village Apartments. Debtor's principal shareholder is William K. Haines, Jr. who, along with his wife, are individual debtors in a separate chapter 11 case.

Freddie Mac is the secured lender on the apartment complex and holds the first lien on the property, as well as an assignment of rents. It is owed just shy of $10,000,000.00. Prior to the chapter 11 filing, Freddie Mac was pursuing a foreclosure action in state court.

The parties agreed to the use of Freddie Mac's cash collateral. An interim, limited order was signed on April 14, 2010, followed by an order on June 18, 2010 extending use of the cash collateral. Pursuant to the terms of the cash collateral orders, the parties agreed to the classification of this case as a "single asset real estate" case under 11 U.S.C. § 101(51B), making 11 U.S.C. § 362(d)(3) applicable. The cash collateral orders provided for Debtor's use of Freddie Mac's cash collateral under certain terms and conditions, including the payment of monthly adequate protection payments of $38,750.00 and the "Net Operating Income" to Freddie Mac on a monthly basis. The $38,750.00 monthly adequate protection payment was less than the nondefault contract rate of interest payable under 11 U.S.C. § 362(d)(3)(B)(ii).

On August 4, 2010, Freddie Mac filed a motion for relief from stay based on Debtor's failure to comply with section 362(d)(3). The motion was contested. After a hearing, the court granted Freddie Mac relief from the automatic stay.

## LAW AND ANALYSIS

Debtor now wants the court to alter or amend the relief from stay under Federal Rule of Bankruptcy Procedure 9023, which is premised on Federal Rule of Civil Procedure 59. Debtor suggests the court alter the previous order to grant only conditional relief, premised on Debtor's ability to confirm a plan in the near future. Since the order granting relief was entered, Debtor paid adequate protection as calculated under section 362(d)(3)(B)(ii), filed operating reports through September 30, 2010, and filed a plan and disclosure statement.

Freddie Mac opposes alteration or amendment of the order terminating the stay. The parties appeared for a hearing on November 18, 2010. The parties do not dispute the standard for granting relief under Rule 9023, and both cite Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804 (6th Cir. 1999). In Gencorp, the Sixth Circuit Court of Appeals referenced four situations where Rule 59 relief may be appropriate: when there is a clear error of law, newly discovered evidence, or an intervening change in controlling law, or when relief is necessary to prevent a manifest injustice. Id. at 834 (citations omitted). Debtor advances arguments under a new evidence and manifest injustice

theories.

Debtor claims that the newly discovered evidence is the recognition of the impact a deficiency claim in this bankruptcy will have on unsecured creditors in the Haines' individual bankruptcy case. Based on the plan filed by Debtor in this case, Freddie Mac will be paid 100% of its claim at a reduced interest rate, leaving no deficiency judgment. Consequently, the Haines' will have no liability on the guarantee of the note. Debtor posits that if Freddie Mac is allowed to foreclose its interest in the property, a deficiency balance of at least $3,000,000.00 will exist which will need to be addressed in the Haines' individual case. The likely result is that the anticipated 100% recovery to the Haines' unsecured creditors, with claims totaling approximately $100,000.00, will be severely diluted. Because Debtor and the individual Haines debtors are not represented by the same counsel, Debtor argues these facts were not known at the time relief was granted.

However, the standard is not based on what is known. Gencorp states that "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." Id. (citing Sch. Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Javetz v. Bd. of Control, Grand Valley State Univ., 903 F.Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); Charles A. Wright, 11 Fed. Practice and Procedure § 2810.1 at 127-28 (1995). Debtor's arguments are not convincing that the "new evidence" it cites was not available at the time of the motion for relief from stay hearing. It certainly was foreseeable. The debtors are related; Mr. Haines holds the controlling interest in Debtor. Debtor's argument that the information was not known, and therefore constitutes new evidence, fails.

Remaining is Debtor's argument that alteration or amendment of the order is necessary to prevent a manifest injustice, which utilizes the same operative facts as its new evidence argument. As part of its argument, Debtor intimates a lack of prejudice to Freddie Mac in allowing the proposed conditional relief. Debtor wants four months to attempt to confirm its plan and, if unsuccessful, will not block Freddie Mac's efforts to recover the property.

Debtor's motion presents a difficult decision for the court. As a matter of law, Freddie Mac's position is sound. A motion to alter or amend a judgment is not meant to be an opportunity to make the same argument with the hope of a different result. *See* Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.), 388 B.R. 795 (citing In re Nosker, 267 B.R. 555, 564 (Bankr. S.D. Ohio 2001; Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Viewed strictly from this vantage, Debtor's motion fails. Further, any injustice that results from granting relief from stay was the result of decisions made by Debtor. The cash collateral order clearly stated that Freddie Mac was not waiving its right to assert that the adequate protection payment listed in the cash collateral order did not provide actual adequate protection and that the order did not affect Freddie Mac's right to seek any further relief. (Stip. Permitting Ltd. Use of Cash Collateral ¶ 9.) Debtor's desire to alter or amend the court's order is an

attempt to remedy the consequences of its failure to pay adequate protection under 11 U.S.C. § 362(d)(3). Moreover, Debtor had filed *no* operating reports for the duration of the case to the date of the original hearing. This is a requirement and also was necessary to determine whether Debtor was paying all net operating income to Freddie Mac. Debtor wanted to pay a reduced amount, do little else, and expect everyone to just go away. Debtor is surprised that the law means what it says and says what it means.

However, there is a strong equitable argument introduced which was not addressed at the previous hearing. There is a risk of consequential deleterious impact to the unsecured creditors in the Haines' individual case. The prejudice to Freddie Mac in conditional relief is minimal, especially if the court fashions an alternate remedy by way of limited relief. The court does have discretion in deciding a Rule 9023 motion. J & M Salupo Dev. Co., 388 B.R. at 805 (citing Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)). The court will exercise its discretion and its equitable powers to grant, with modification, Debtor's motion. Freddie Mac's relief from stay to pursue its state court remedies will be limited only to the extent that it cannot seek appointment of a receiver prior to February 28, 2011. It is free to do everything else, including proceeding through sale. In the meantime, Debtor will be given an opportunity to confirm a plan or reorganization. If Debtor is unsuccessful in its efforts, and has not confirmed a plan by **February 28, 2011**, the automatic stay will be terminated.

An order shall be issued immediately.

# # #

## SERVICE LIST

Patrick J Keating
Joshua S Berger
Buckingham, Doolittle & Burroughs LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333

Reginald W Jackson
Vorys, Sater, Seymour & Pease LLP
52 East Gay St
PO Box 1008
Columbus, OH 43216-1008

Anthony J DeGirolamo
Courtyard Centre Suite 307
116 Cleveland Ave NW
Canton OH 44702